GEORGE S. HENDRICKSON and WILLIAM H. RYDER, as Executors, etc., of SARAH E. KOUWENHOVEN, Deceased, Appellants, v. HATTIE L. EVERITT, FRANK KOUWENHOVEN, HENRY C. FREY, as Substituted Trustee under the Last Will and Testament of JACOB T. VAN SICLEN, Deceased, Respondents, and Others, Defendants.— In this foreclosure action it appears that the mortgage, originally an asset of the estate of Peter W. Kouwenhoven, had been in form assigned to the executrix of the will of the estate of Jacob T. Van Siclen, and in a proceeding in Kings County Surrogate's Court for an accounting in that estate, the attorney, the custodian of the mortgage, had been directed to deliver the mortgage to the clerk of the court, where it was impounded before the foreclosure action was commenced. A proceeding is pending in that court to determine the title of the mortgage. The original plaintiff, now deceased, did not have possession of the mortgage when this action was commenced. An interest in the bond and mortgage is also claimed by virtue of an equitable assignment of a part thereof by Frank Kouwenhoven, one of the defendants and a remainderman under the will of Abby Kouwenhoven, deceased. All this confusion has arisen by reason of the dishonesty of the son of the original plaintiff (Sarah E. Kouwenhoven, now deceased) who, with her, was a coexecutor of his father's will. He was also the attorney for the Abby Kouwenhoven estate and the Van Siclen estate. He is now serving a term in Sing Sing Prison for grand larceny, which apparently occurred in relation to one or more of the three estates for which he was attorney. He attempted to treat this mortgage as an asset of all three estates with the evident purpose of covering his defalcations. On the trial of the foreclosure action the complaint was dismissed — apparently on the ground that the question of title and of the interests of the parties should be determined in the proceeding pending in the Surrogate's Court, Kings county. We think it was error to dismiss the complaint on this ground, for not all of the parties here were at that time parties to the proceeding in Surrogate's Court; but that jurisdiction should have been retained in the Supreme Court to grant relief in case of delay or of failure to bring in necessary parties in that proceeding, and in order that foreclosure might be had if it were decided that plaintiffs are the owners. The state of the record does not permit this court to make findings and a full determination of the ultimate rights of the parties even though it were otherwise inclined to disregard the pending proceeding in Surrogate's Court. We think that court, having acquired jurisdiction of the subject matter before

this action was brought, should be permitted to proceed to a determination; but it is necessary to bring in additional parties. The judgment is reversed on the law and the facts and the action left pending, undetermined; and in the exercise of discretion this court stays further proceedings in the action for thirty days to permit necessary parties to apply to be made parties to the proceedings in the Surrogate's Court, Kings county, or to be brought into that proceeding on the application of any person interested. If such proceedings are had, then this action is stayed until the determination of the issues by the Surrogate's Court, Kings county; otherwise the parties may proceed in this action as they may be advised. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.